O

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF TEXAS
# HOUSTON DIVISION

| | | |
|---|---|---|
| BRAY INTERNATIONAL, INC., | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-02-98 |
| | § | |
| COMPUTER ASSOCIATES | § | |
| INTERNATIONAL, INC., | § | |
| | § | |
| Defendant. | § | |

## ORDER

Pending before the Court are Defendant Computer Associates International, Inc.'s ("CA") Motion to Compel Production of Documents (Dkt. #61) ("First Motion to Compel"), Motion to Compel Production of Documents (Dkt. # 72) ("Second Motion to Compel"), and Motion to Compel Production of Documents (Dkt. #86) ("Third Motion to Compel").  On July 17, 2002, CA served its First Request for Production of Documents on Plaintiff Bray International, Inc. ("Bray").  CA served Bray with its Third Request for Production of Documents on April 8, 2004, and its Third set of Interrogatories on September 22, 2004.  On June 25, 2004, CA served its Fourth Request for Production of documents.  Bray produced some documents, but objected to most of CA's requests.  CA now seeks to compel production of several documents from Bray.  Bray filed responses to CA's First and Third Motions to Compel.  CA filed a Reply in support of its Third Motion to Compel.  Having examined the First and Third Motions, the responses, the reply, and the request for production of documents, **the Court is of the opinion that the motion should be granted in part and denied in part as described below.**

### Discussion

Limits on the scope of discovery requests are set out in Federal Rule of Civil Procedure 26(b) which reads, in relevant part:

> (1) In General.  Parties may obtain discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party, including the existence, description, nature, custody, condition, and location of any books, documents, or other tangible things and the identity and location of persons having knowledge of any discoverable matter.  For good cause, the court may order discovery of any matter relevant to the subject matter involved in the action.  Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence.  All discovery is subject to the limitations imposed by Rule 26(b)(2)(i), (ii), and (iii).

FED. R. CIV. P. 26(b)(1).  The limitations set out in Rule 26(b)(2)(i), (ii), and (iii) are:

> (i) the discovery sought is unreasonably cumulative or duplicative, or is obtainable from some other source that is more convenient, less burdensome, or less expensive; (ii) the party seeking discovery has had ample opportunity by discovery in the action to obtain the information sought; or (iii) the burden or expense of the proposed discovery outweighs its likely benefit, taking into account the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the litigation, and the importance of the proposed discovery in resolving the issues.

FED. R. CIV. P.  26(b)(2).

Essentially, "Rule 26(b) seeks to promote resolution of claims on their merits and to avoid unfair surprise."  *Rowlin v. Alabama Dep't of Pub. Safety*, 200 F.R.D. 459, 461 (M.D. Ala. 2001).

> Yet . . . lawyers often attempt to bury opposing counsel in paperwork . . . . This is particularly true in the employment law context . . . .
> Thus, courts have the duty to pare down overbroad discovery requests under Rule 26(b)(2), which provides that information may sometimes be withheld, even if relevant. The court should consider the totality of the circumstances, weighing the value of the material sought against the burden of providing it, discounted by society's interest in furthering the truthseeking function.

*Id*.  To meet this balancing test, interrogatories and requests for admissions and documents must be reasonably focused.  Overly broad discovery requests, such as ones requesting "'all' facts upon which defendant relies for its denials" as well as the identification of "every document and person which supports each such denial" go beyond reasonable burdens that may be placed on a

2

party trying to comply with discovery requests. *Lawrence v. First Kansas Bank & Trust Co.*, 169 F.R.D. 657, 661 (D. Kan. 1996); *accord Safeco v. Rawstron*, 181 F.R.D. 441, 447 (C.D. Cal. 1998). A party is not required to "itemize its evidence and trial strategy. This goes beyond the scope of reasonable discovery." *IBP, Inc. v. Mercantile Bank of Topeka*, 179 F.R.D. 316, 322 (D. Kan. 1998). In other words, a party is not required to go into laborious detail nor is it required to marshal its evidence in response to discovery requests.

**1.     First Motion to Compel**

CA's First Motion to compel reflects the discovery dispute between the parties regarding (1) documents related to analysis of Bray's competitors and industry positions, (2) Bray's tax returns, and (3) the so called "Golub Documents."

**A.     Documents Related to Analysis of Bray's Competitors and Industry Positions**

Pursuant to its First Request for Production of Documents, CA issued Request No. 3. That request read as follows:

> **Request No. 3:** All documents related to analysis of Bray's competitors and industry positions including documents related to market share projections, growth and potential business opportunities for the five years prior to installation of the MK Software through the present.

Bray objected to this request on the grounds that it was overly broad. Based upon the contentions of the parties, it appears that Bray installed MK Software around February 1997. Thus, CA seeks information from 1992 to present. The Court agrees that this request is overly broad.

Bray suggests that it has already provided CA with a private placement memorandum (the "Gulfstar Report"), which provides a detailed analysis of Bray's industry position and market share projections. Bray also suggests that as of the time of its response to CA's First Motion to Compel, it did not have any other responsive documentation. Bray has indicated that

3

it would continue to search for such documents but only for the period from 1999-2004. Bray has only asserted that the software defect resulted in the creation of erroneous financial statements for a thirteen month period beginning in January 2000.

Despite the overbreadth of CA's initial request for production, the Court is of the opinion that Bray has not produced an adequate response to CA's request. The burden is on the party resisting discovery to show specifically how each request is overly broad, burdensome or oppressive. *See McLeod, Alexander, Powel & Apffel, P.C. v. Quarles*, 894 F.2d 1482, 1485 (5th Cir. 1990). Bray has not indicated how CA's request is overly broad, burdensome, or oppressive. The Court is of the opinion that a record of Bray's industry position and market share prior to the time it installed the MK software is information reasonably calculated to lead to the discovery of admissible evidence. Such information would reveal a pattern that may allow CA to better assess Bray's claim for lost investment income. However, while such information may be relevant to assessing Bray's damage model, the time period for which CA has requested information does not appear to be reasonable.

Based upon the foregoing, the Court orders Bray, to the extent that it is able, to produce the information in request No. 3, for the period from two years prior to the installation of the MK software (i.e., February 1995) to the present.

**B.     Tax Returns**

Additionally, pursuant to its Third Request for Production of Documents, Request No. 1, CA has requested "[a]ll tax returns for the years 1997 to the present." Bray objected to this request on the grounds that such returns would be inadmissible at trial and privacy.

Bray's contentions are unpersuasive. Regarding its admissibility argument, Bray cites *Hanover Shoe, Inc. v. United Shoe Machine Corp.*, 392 U.S. 481, 494, 88 S. Ct. 2224 (1968) and *Missouri-Kansas-Texas Railroad Co. of Texas v. McFerrin*, 156 Tex. 69, 291 S.W.2d 931 (1956).

Bray cites these cases for the proposition that taxes are not to be considered in determining damages awards. It argues that, because taxes are not to be considered, the tax returns should not be discoverable because they would not be admissible at trial. Even if this argument were correct, Bray's tax returns are discoverable. According to Federal Rule of Civil Procedure 26(b), parties may obtain discovery regarding any matter, not privileged, that is relevant to the their claim or defense. Such evidence does not need to be admissible at trial so long as the "discovery appears reasonably calculated to lead to the discovery of admissible evidence." Bray's tax returns are indeed relevant to CA's defense because they may help reveal whether Bray's poor economic condition was actually caused by the flaws in the MK software. Any arguments surrounding admissibility may be addressed at the time of trial. Regarding Bray's privacy argument, the Court deems it persuasive that Bray is already protected by a confidentiality agreement between the parties. Bray is therefore ordered to produce all its federal and state tax returns for the years 1997 to the present.

    **C.**    **Golub Documents**

The so called "Golub Documents" are those that CA subpoenaed from Golub and Associates ("Golub"), a financial institution involved in the restructuring of Bray's debt. Pursuant to an agreement between the parties, Bray was permitted to review the production of the Golub materials for privileged documents. Upon reviewing the materials, Bray removed certain documents it deemed privileged. In its response to CA's First Motion to Compel, Bray only objects to producing the following: (1) federal and state income tax returns; (2) three letters from Bray President and COO Craig Brown to Bray's attorney Cary Gary (the "Brown Letters"); and (3) several drafts of Bray's original petition.

For the reasons set forth above, the federal and state tax returns are discoverable. The only remaining issue is whether the Brown Letters and the drafts of the petition are discoverable. Bray

does not dispute the relevance of these documents. It argues that the letters and petitions are protected as attorney work product. CA argues that it is entitled to discover the Brown Letters and the drafts of the original petition because: (1) any potential privilege or privacy claim was waived when Bray provided the documents to Golub, a third party, and (2) the documents were produced pursuant to a valid subpoena to which Bray did not object.

For purposes of this motion to compel, the parties do not seem to dispute the fact that the Golub Documents are work product. Work product protection is not automatically waived when a party discloses documents to third parties. *Aiken v. Tex. Farm Bureau Mut. Ins. Co.*, 151 F.R.D. 621, 623 n. 2 (E.D. Tex.1993) (citing *Shields v. Sturm, Ruger & Co.*, 864 F.2d 379, 382 (5th Cir.1989)). Disclosure of work product waives work product protection only if the work-product is given to adversaries or treated in a manner that substantially increases the likelihood that an adversary will come into possession of the material. *Ferko v. National Ass'n for Stock Car Auto Racing, Inc.*, 219 F.R.D. 621, 623 (E.D. Tex. 2003) (citing *High Tech Comms., Inc. v. Panasonic Co.*, 1995 WL 83614, at *8 (E.D. La. Feb.24, 1995) (citations omitted)). The Court is of the opinion that Bray did not waive any protection to which it may be entitled. Golub is not Bray's adversary. Rather Golub was a third party from which Bray sought financial assistance. Because Golub was not Bray's adversary, it was not foreseeable that CA would come into possession of the Brown Letters or the drafts of the original petition when Bray released them to Golub. Accordingly, Bray did not treat these documents in a manner that substantially increased the likelihood that CA would acquire them. Therefore, CA's motion to compel the Brown Letters and the drafts of the original petition is denied. However, the remaining documents withheld by Bray shall be produced because Bray has not addressed those documents in its response to CA's First Motion to Compel nor otherwise provided a sufficient explanation or evidence to enable the Court to determine that they should be protected.

**2.      Third Motion to Compel**

In its Third Motion to Compel, CA (1) complains about the content of Bray's responses to its Third Set of Interrogatories; (2) seeks to exclude evidence of Bray's attorneys fees; and (3) seeks to compel production of various documents produced by Bray employee Fred Gonzalez.

**A.      Third Set of Interrogatories**

Though CA received responses from Bray to its interrogatories, it argues that the responses were inadequate. As CA does not address each interrogatory request individually, the Court will refer to the requests listed on pages 2 and 3 of its Motion collectively. According to CA, Bray has objected to the interrogatories by asserting generic, baseless objections that such requests were overly broad and irrelevant. Bray has also objected on the grounds that it is not required to marshal evidence. Additionally, Bray argues that the relevant interrogatories have been the subject of intensive deposition examination, making any further discovery of these issues unwarranted and inappropriate.

Based upon Bray's representation that the information requested in the interrogatories has been provided through depositions, the Court finds it appropriate to limit CA's discovery to the answers it has already received to its interrogatories. *See* FED. R. CIV. P. 26(b)(2)(ii). Thus, Bray is not required to supplement its responses to CA's Third Set of Interrogatories.

**B.      Attorney's Fees**

Texas law permits a court to award reasonable attorneys' fees to a party prevailing on a claim for breach of contract. *See* TEX. CIV. PRAC. & REM. CODE § 38.001. Although most attorneys fees awards are ordered after trial in federal court, a party can request that the issue be determined by a jury. Bray has responded by indicating that the requested documents will be furnished to CA. To the extent it has not already done so, Bray must provide CA with all relevant items in CA's Fourth Request for Production of Documents. This includes the engagement letter and invoices

7

reflecting attorney's fees Bray incurred in connection with this litigation. The invoices may be redacted to the extent necessary to protect privileged information.

### C. Fred Gonzalez Documents

Finally, CA seeks documents that it learned Fred Gonzalez had prepared while employed by Bray related to the litigation. Bray argues that these files are protected by the attorney work product privilege.

The attorney work product doctrine is codified in Federal Rule of Civil Procedure 26(b)(3). *Dunn v. State Farm Fire & Casualty Co.*, 927 F.2d 869, 875 (5th Cir. 1991). That rule provides:

> a party may obtain discovery of documents and tangible things . . . prepared in anticipation of litigation or for trial by or for another party or by or for that other party's representative . . . only upon a showing that the party seeking discovery has substantial need of the materials in the preparation of the party's case and that the party is unable without undue hardship to obtain the substantial equivalent of the materials by other means.

FED. R. CIV. P. 26(b)(3). Thus, the work product doctrine protects from discovery materials prepared by an attorney in preparation for litigation. *Hickman v. Taylor*, 329 U.S. 495, 67 S. Ct. 385, 91 L.Ed. 451 (1947); *In re Grand Jury Proceedings*, 601 F.2d 162, 171 (5th Cir. 1979). The doctrine protects not only materials prepared by a party but also materials prepared by a representative of a party, including attorneys, consultants, agents, or investigators. *United States v. Nobles*, 422 U.S. 225, 238-39, 95 S. Ct. 2160, 2170-71, 45 L.Ed.2d 141 (1975). The burden is on the party asserting the privilege to demonstrate how each document or communication satisfies the elements of a claim for privilege. *See Hodges, Grant & Kaufmann v. United States*, 768 F.2d 719, 721 (5th Cir.1985).

The work product privilege can be waived when a party fails to state a privilege objection in the "privilege log" as required under Federal Rule of Civil Procedure 26(b)(5). *See* FED. R. CIV. P. 26(b)(5), Advisory Committee Notes (1993 Amend.) ("To withhold materials without such notice is contrary to the rule . . . and may be viewed as a waiver of the privilege or protection."); *see also*

8

*Nance v. Thompson Medical Co.*, 173 F.R.D. 178, 182 (E.D. Tex. 1997). CA claims that the Gonzalez documents were not included on Bray's privilege log. However, Bray has attached to its Response to CA's Third Motion to Compel a letter dated November 16, 2004. The letter was sent to CA by Bray in an attempt to resolve the dispute surrounding the Gonzalez documents. Attached to the letter is a list of documents that Bray claims to be privileged. The Court is of the opinion that this list satisfies Bray's burden of producing a privilege log. The Court, however, is unable to conclude whether the documents on the list attached to Bray's letter are entitled to attorney work product and/or attorney client privilege protection. Bray claims that it has already produced many of the documents. Any documents on the list that have not been previously produced to CA shall be furnished to the Court for an in camera inspection within ten (10) days of the date of this Order.

## Conclusion

For the reasons given above, CA's First and Third Motions to compel are GRANTED in part and DENIED in part.

Finally, the parties informed the Court that the Agreed Order signed November 24, 2004, resolved the parties Second Motion to Compel. Therefore, CA's Second Motion Compel (Dkt. #72) is denied as moot.

It is so ORDERED.

Signed this 29th day of July, 2005.

_____
JOHN D. RAINEY
UNITED STATES DISTRICT JUDGE